CRAIG G. MARGULIES (State Bar No. 185925)
MEGHANN TRIPLETT (State Bar No. 268005)
NOREEN A. MADOYAN (State Bar No. 279227)
**MARGULIES FAITH LLP**
16030 Ventura Boulevard, Suite 470
Encino, CA  91436
Telephone: (818) 705-2777
Facsimile:  (818) 705-3777
Email: Meghann@MarguliesFaithLaw.com
Email: Noreen@MarguliesFaithLaw.com

Attorneys for Plaintiff Jeremy W. Faith, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>GILBERT LOUIS CASH,<br><br>                             Debtor. | Case No.:  9:13-bk-12909-DS<br><br>Chapter 7<br><br>Adv. No.: |
| JEREMY W. FAITH, Chapter 7 Trustee,<br><br>                             Plaintiff,<br>  v.<br><br>MARGARET CASH,<br><br>                             Defendant. | **COMPLAINT FOR:**<br><br>**(1) AVOIDANCE OF FRAUDULENT TRANSFERS [11 U.S.C. § 548(a)(1)(A)];**<br><br>**(2) AVOIDANCE OF POSTPETITION TRANSFERS [11 U.S.C. § 549]; AND**<br><br>**(3) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. §  550]** |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Jeremy W. Faith (the "Plaintiff"), the duly appointed, qualified, and acting Chapter 7 Trustee for the estate (the "Estate") of debtor Gilbert Louis Cash ("Debtor"), hereby brings this "Complaint For: (1) Avoidance of Fraudulent Transfers [11 U.S.C. § 548(a)(1)(A)]; (2) Avoidance of Postpetition Transfers [11 U.S.C. §549]; and (3) Recovery of Avoided Transfers [11 U.S.C. § 550]" (the "Complaint") and respectfully

alleges the following upon knowledge, information, and belief:

**JURISDICTION AND VENUE**

1.     This is an adversary proceeding filed pursuant to Federal Rule of Bankruptcy Procedure (F.R.B.P.) 7001(1) (a proceeding to recover money or property).

2.     Plaintiff, as Chapter 7 Trustee of the Bankruptcy Estate of Debtor (the "Estate"), has standing to bring this action under 11 U.S.C. §§ 323, 548, 549, and 550.

3.     The Court has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), in that this proceeding arises in, and relates to, the Debtor's main bankruptcy proceeding, pending in the Central District of California, Northern Division, as *In re Gilbert Louis* Cash, Case No. 9:13-bk-12909-DS (the "Bankruptcy Case").

4.     Venue properly lies in this judicial district pursuant to 28 U.S.C. §1409(a).

5.     This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), and (H).  To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

**PARTIES**

6.     Plaintiff Jeremy W. Faith is the duly-appointed, qualified and acting Chapter 7 Trustee in the Bankruptcy Case.

7.     Plaintiff is informed and believes that Defendant Margaret Cash ("Margaret" or "Defendant") is an individual subject to the jurisdiction of this Court.

8.     Plaintiff is informed and believes that Defendant is the Debtor's mother and, therefore, is an insider of the Debtor as that term is defined in 11 U.S.C. § 101(31).

**GENERAL ALLEGATIONS**.

9.     On December 3, 2013, (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").  Thereafter, Plaintiff was appointed as the Chapter 7 Trustee for the Debtor's Bankruptcy Case.

10.   The Debtor is a serial bankruptcy filer and has previously filed six prior bankruptcy chapter 13 cases since 2002, all but one of which was dismissed prior to the completion of a plan.

11.   The Debtor is an enrolled member of the Santa Ynez Band of Chumash Indians (the "Tribe"). As an enrolled member of the Tribe, the Debtor receives per capita income distributions of approximately $50,000 per month generated from the Tribe's gaming revenues (the "Per Capita Distributions").

12.   Plaintiff is informed and believes that the Debtor filed for bankruptcy protection due to ongoing federal tax obligations owed to the Internal Revenue Service ("IRS") and the California Franchise Tax Board for years 2006 through 2013.

13.   Plaintiff is informed and believes that, in the two (2) years prior to the Petition Date, the Debtor transferred at least $166,000.00 to the Defendant (the "Pre-Petition Transfers"), through withdrawals from the Debtor's depository account at Rabobank, N.A. (the "Rabobank Account").

14.   On May 22, 2015, the Court entered an order confirming that the Per Capita Distributions, are property of the Estate.

15.   Plaintiff is informed and believes that since the Petition Date, the Per Capita Distributions have been electronically credited into the Rabobank Account.

16.   Plaintiff is informed and believes that since the Petition Date, the Debtor has transferred to Defendant portions of the Per Capita Distributions (the "Post-Petition Transfers") (collectively with the Pre-Petition Transfers, the "Margaret Transfers").

**FIRST CLAIM FOR RELIEF**

**(Avoidance of Actual Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(A))**

17.   Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

18.   Plaintiff is informed and believes, that the Debtor made the Pre-Petition Transfers with actual intent to hinder, delay, or defraud any entity to which the Debtor

3

1   was, or became, on or after the date that the Pre-Petition Transfers were made,

2   indebted.

3       19.    Based on the foregoing, Plaintiff may avoid the Pre-Petition Transfers and

4   recover the equivalent value for the Estate from Defendant for whose benefit the

5   transfers were made, pursuant to 11 U.S.C. § 548(a)(1)(A).

6                       **SECOND CLAIM FOR RELIEF**

7       **(Avoidance of Post Petition Transfers Pursuant to 11 U.S.C. § 549(a))**

8       20.    Plaintiff hereby incorporates herein by reference the preceding paragraphs

9   of the Complaint as if fully set forth herein.

10      21.    Plaintiff is informed and believes, that the Post-Petition Transfers were

11  transfers of property of the Estate.

12      22.    Plaintiff is informed and believes, that the Post-Petition Transfers were not

13  authorized under 11 U.S.C. §542(c).

14      23.    Plaintiff is informed and believes, that the Post-Petition Transfers were not

15  authorized under the Bankruptcy Code or by the Court.

16      24.    Based on the foregoing, Plaintiff may avoid the Post-Petition Transfers and

17  recover the equivalent value from the Defendant pursuant to 11 U.S.C. § 549(a).

18                       **THIRD CLAIM FOR RELIEF**

19      **(Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550(a))**

20      25.    Plaintiff hereby incorporates herein by reference the preceding paragraphs

21  of the Complaint as if fully set forth herein.

22      26.    Plaintiff is informed and believes, and based upon such information and

23  belief alleges that Defendant was the initial transferee of the Margaret Transfers and the

24  Defendant was the entity for whose benefit the Margaret Transfers were made or the

25  mediate or immediate transferee of the Margaret Transfers.

26      27.    Pursuant to 11 U.S.C. § 550, Plaintiff may recover from the Defendant the

27  value of the property transferred through the Margaret Transfers, plus interest at the

28

                                 4

1  maximum legal rate from and after the date of each of the Margaret Transfers.

2      **WHEREFORE**, Plaintiff prays for relief as follows:

3          <u>**ON THE FIRST CLAIM FOR RELIEF**</u>

4      A.      That the Pre-Petition Transfers be avoided for the benefit of the Estate;

5      B.      For judgment in the sum of $166,000.00; and

6      C.      For interest at the legal rate of 7% per annum from the date of the Pre-

7  Petition Transfers until entry of judgment.

8          <u>**ON THE SECOND CLAIM FOR RELIEF**</u>

9      A.      That the Post-Petition Transfers be avoided for the benefit of the Estate;

10     B.      For judgment in a sum to be determined at trial;

11     C.      For interest at the legal rate of 7% from the date of the Post-Petition

12  Transfers to judgment.

13         <u>**ON ALL CLAIMS FOR RELIEF**</u>

14     A.      Attorneys' fees, along with costs of suit incurred herein; and

15     B.      Such other relief as the Court deems just and proper

16
    DATED:  December 2, 2015              **MARGULIES FAITH, LLP**
17

18                                        By: _/s/ Noreen A. Madoyan_____
                                          Meghann A. Triplett
19                                        Noreen A. Madoyan
                                          Attorneys for Plaintiff Jeremy W. Faith,
20                                        Chapter 7 Trustee

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **COMPLAINT FOR: (1) AVOIDANCE OF FRAUDULENT TRANSFERS [11 U.S.C. § 548(a)(1)(A)]; (2) AVOIDANCE OF POSTPETITION TRANSFERS [11 U.S.C. § 549]; AND (3) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 2, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**CHAPTER 7 TRUSTEE: Jeremy W. Faith (TR)**    jfaith@7trustee.net, C118@ecfcbis.com;Helen@MarguliesFaithLaw.com;leedowding@gmail.com;Brian@MarguliesFaithlaw.com
**ATTORNEY FOR CHAPTER 7 TRUSTEE: Meghann A Triplett**    Meghann@Marguliesfaithlaw.com, Helen@MarguliesFaithlaw.com;Noreen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com;Rebekah@MarguliesFaithlaw.com
**OUST: United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On December 2, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY**: Honorable Deborah J. Saltzman, U.S. Bankruptcy Court, 255 E. Temple Street, Suite 1334, Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 2, 2015 | Victoria Castrellon | /s/ Victoria Castrellon |
|---|---|---|
| _Date_ | _Printed Name_ | _Signature_ |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**